UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

RECEIVED CLERK'S OFFICE

2007 JUL -9  A  8: 05

| | |
|---|---|
| Donnell Louis Baker, #282266 | ) C/A No. 9:07-1737-RBH-GCK AROLINA |
| | ) CHARLESTON, SC |
| Petitioner, | ) |
| | ) |
| vs. | ) |
| | ) Report and Recommendation |
| Warden Stevenson, Warden at Broad River | ) |
| Correctional Institution, | ) |
| | ) |
| Respondent. | ) |
| | ) |

The petitioner, Jerry Donnell Louis Baker, ("Petitioner"), proceeding *pro se*, brings this petition pursuant to 28 U.S.C. § 2254. Petitioner is challenging a state court sentence imposed upon him in Jasper County, South Carolina. The petition should be dismissed, as it is untimely.

### *Pro Se* Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* petition in light of the following precedents: *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995) (*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983). This Court is required to liberally construe *pro se* documents, *Estelle v. Gamble*, 429 U.S. 97 (1976), holding them to a less stringent standard than those drafted by attorneys, *Hughes v. Rowe*, 449 U.S. 9 (1980) (*per curiam*). Even under this less stringent standard, however, the *pro se* petition is subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or



construct the plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, (4th Cir. 1990).

Background

Petitioner is an inmate at Broad River Correctional Institution. He is serving a seven year sentence for drug trafficking.

Petitioner pled guilty in Jasper County on February 25, 2002. While Petitioner sought no direct review, he filed an application for Post-Conviction Relief, which was denied by the state Circuit Court and the S.C. Supreme Court. Petitioner, however, failed to timely file this habeas petition after denial of his state PCR action.

Discussion

The instant petition was not timely filed and must be summarily dismissed on that basis. The petition, with attachments, shows that Petitioner is out of time to file for federal habeas relief. The instant habeas corpus petition was filed on June 26, 2007.[1] Accordingly, the provisions of the Antiterrorism and Effective Death Penalty Act ("AEDPA") apply to this case. *Lindh v. Murphy*, 117 S.Ct. 2059. Under the AEDPA, claims adjudicated on the merits in a state court proceeding cannot be a basis for federal habeas corpus relief unless the decision is "contrary too, or involved an



---

[1]This is the date the petition was filed with the court. As a prisoner, Petitioner has the benefit of *Houston v. Lack*, such that the date the pleading was delivered to the prison authorities is considered the filing date. However, the petition is untimely even with Petitioner's *Houston v. Lack* date of June 19, 2007. *Houston v. Lack*, 487 U.S. 266 (1988).

2

unreasonable application of" clearly established federal law as decided by the United States Supreme Court, or the decision "was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings." 28 U.S.C. § 2254(d). State court factual findings are presumed to be correct and the Petitioner has the burden of rebutting this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

The AEDPA provides that "(a) 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). The limitations period begins to run "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). The limitations period is tolled during the pendency of a properly filed collateral attack on the subject conviction. 28 U.S.C. § 2244(d)(2). Here, the petition comes too late.

Petitioner pled guilty and was sentenced on Feb. 25, 2002. Petitioner did not pursue direct review. When there is no ruling from the state's highest court on direct review, the statute of limitations is not tolled for the 90 days allowed to seek certiorari with the United States Supreme Court.[2] *Evans v. Bazzle,* No. 06-0799, slip op. at 2, 2006 WL 2095894 (D.S.C. July 27, 2006). Rather, direct review is concluded, and the conviction finalized for habeas purposes, the day discretionary review is foreclosed by petitioner's failure to (further) appeal. *Id.* In the instant case, then, discretionary review was foreclosed when Petitioner failed to file an appeal from his conviction within ten days. Therefore the year-long limitations period started running on March 7, 2002.

Petitioner filed an application for Post-Conviction Relief (PCR) on February 28, 2003, which

---

[2]Even if Petitioner had the benefit of this 90-day tolling of the time in which to file his petition, he would be far too late, and the outcome would be identical.

was 358 days after the limitations period started running. The PCR application was denied on July 29, 2004.[3] By July 29, 2004, then, Petitioner had spent 358 days of the one year he had to timely file a §2254 habeas petition. Therefore, in order to toll the one-year limitation period, Petitioner would have to appeal the denial of his PCR application within seven days.

However, Petitioner filed a petition for a writ of certiorari on April 18, 2005, which was denied by the S.C. Supreme Court on June 22, 2006.

Petitioner may argue that a motion he styles a "motion to reconsider" in the Circuit Court that denied his PCR application operated to toll the limitations period. He filed this motion on August 4, 2004, which was day 364 of his one-year limitations period. However, even if the lapsed days between the denial of PCR and the denial of a writ of certiorari by the S.C. Supreme Court are not considered, Petitioner's limitations period would have expired one day after the denial of certiorari, on June 23, 2006.

However, Petitioner did not file this petition until June 19, 2007.[4]

A habeas court has discretion to *sua sponte* dismiss for untimeliness. *See Eriline Co. S.A. v. Johnson*, 440 F.3d 648, 655 (4th Cir. 2006) (carving out habeas corpus petitions and *in forma pauperis* complaints as narrow circumstances to permit *sua sponte* consideration of statute of limitations when defense is clear on face of petition or complaint). However before dismissing a *pro se* petition, a court is required to give notice to the petitioner that the petition will be dismissed absent sufficient explanation. *Hill v. Braxton*, 277 F.3d 701 (4th Cir. 2002). A doctrine of equitable tolling

---

[3]Petitioner argues that the PCR was actually denied on November 8, 2004, as this is when a written order was entered. However, this issue need not be addressed as Petitioner would be out of time to file a § 2254 petition under either date.

[4]This is the *Houston v. Lack* date for this petition.

4

sometimes applies to the statute of limitations, based on "extraordinary circumstances" beyond the inmate's control which cause delay. *Bilodeau v. Angelone*, 39 F.Supp.2d 652, 659 n.1 (E.D.Va. 1999). Petitioner was given the opportunity to explain his lack of timeliness on page 14 of his petition. However, Petitioner left this section of the petition completely blank.

<u>Recommendation</u>

Accordingly, it is recommended that the petition for a writ of habeas corpus in the above-captioned case be dismissed in its entirety as untimely and without service upon the respondents. *See Allen v. Perini*, 424 F.2d 134, 141 (6th Cir.)(federal district courts have duty to screen habeas corpus petitions and eliminate burden placed on respondents caused by ordering an unnecessary answer or return); and *Toney v Gammon*, 79 F3d. 693, 697 (8th Cir. 1996)(a petition may be summarily dismissed if the record clearly indicates that the Petitioner's claims are either barred from review or without merit). *The petitioner's attention is directed to the important notice on the following page.*

Respectfully submitted,

George C. Kosko
U.S. Magistrate Judge

July 6, 2007
Charleston, SC

5

## Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
P. O. Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).